William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Merck Sharp & Dohme B.V.*
*and Organon USA Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK SHARP & DOHME B.V. and ORGANON USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> USV PRIVATE LIMITED, <br><br> Defendant. | Civil Action No. 20-3072 <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Merck Sharp & Dohme B.V. ("Merck B.V.") and Organon USA Inc.

("Organon") (together, "Merck"), by their attorneys, bring this complaint against Defendant USV

Private Limited ("USV"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271(e)(2), the Drug Price Competition and

Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), and the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that arises out of USV's submission of

-1-

an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import all strengths of a purported generic version of Bridion® (sugammadex) Injection prior to the expiration of U.S. Patent No. RE44,733 ("the '733 patent").

## PARTIES

2.     Plaintiff Merck Sharp & Dohme B.V. ("Merck B.V.") is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Waarderweg 39, Haarlem, Netherlands 2031 BN.  Merck B.V. is an indirect, wholly owned subsidiary of Merck & Co., Inc., a New Jersey corporation, which has its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

3.     Plaintiff Organon USA Inc. ("Organon") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.  Organon is a wholly owned subsidiary of Merck & Co., Inc.

4.     On information and belief, Defendant USV Private Limited ("USV") is a corporation organized and existing under the laws of India, having a place of business at Arvind Vithal Gandhi Chowk, B.S.D. Marg, Station Road, Govandi East, Mumbai, Maharashtra, 400088 India.  On information and belief, USV is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market, itself or through its U.S. agents.

5.     By a letter dated February 13, 2020 ("USV Notice Letter"), USV notified Merck that USV had submitted to the FDA ANDA No. 214276 ("USV's ANDA") for purported generic versions of sugammadex injection, 200 mg/2 mL and 500 mg/5 mL ("USV ANDA

-2-

Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the USV ANDA Products in or into the United States, including New Jersey, prior to the expiration of the '733 patent.

6.    On information and belief, USV holds Drug Master File No. 34052 for sugammadex sodium.

## JURISDICTION AND VENUE

7.    Merck incorporates each of the preceding paragraphs 1–6 as if fully set forth herein.

8.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271, for infringement of the asserted patent.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.    USV is subject to personal jurisdiction in New Jersey because, among other things, USV itself, and through its U.S. agents, has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court. On information and belief, USV itself, and through its U.S. agents, develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

10.    USV's website states that USV's "Finished Products are marketed in [the] US." *See* usvindia.com, International Operations tab, *available at* https://www.usvindia.com/international.php (last visited March 16, 2020).

11.    USV has committed an act of infringement in this judicial district by filing

ANDA No. 214276 with the intent to make, use, sell, offer for sale, and/or import the USV ANDA Products in or into this judicial district, prior to the expiration of the '733 patent.

12.     USV has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the USV ANDA Products, that will be purposefully directed at New Jersey and elsewhere in the United States.

13.     On information and belief, USV has systematic and continuous contacts with New Jersey; has established distribution channels for drug products in New Jersey; regularly and continuously conducts business in New Jersey, including by selling drug products in New Jersey, either directly or indirectly through its US agents; has purposefully availed itself of the privilege of doing business in New Jersey; and derives substantial revenue from the sale of drug products in New Jersey.

14.     On information and belief, if USV's ANDA is approved, USV will manufacture, market, promote, sell, offer for sale, import, use and/or distribute the USV ANDA Products within the United States, including in New Jersey, consistent with USV's practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, USV, either directly or indirectly through its U.S. agents, regularly does business in New Jersey, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey.  On information and belief, USV's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey.  On information and belief, the USV ANDA Products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey.  Each of these activities would have a substantial effect within New Jersey and would constitute

infringement of the '733 patent in the event that the USV ANDA Products are approved before the '733 patent expires.

15.    On information and belief, USV derives substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and that are manufactured by USV and/or for which USV is the named applicant on approved ANDAs.  On information and belief, various products for which USV is the named applicant on approved ANDAs are available at retail pharmacies in New Jersey.

16.    Additionally, this Court has personal jurisdiction over USV because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Merck's claims arise under federal law; (b) USV is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) USV has sufficient contacts in the United States as a whole, including, but not limited to, by participating in the preparation and submission of USV's ANDA, participating in the preparation and submission of Drug Master File No. 34052 to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over USV satisfies due process.

17.    Venue is proper in this Court as to USV because USV is a foreign entity who may be sued in any judicial district, including in the District of New Jersey.  28 U.S.C. § 1391(c)(3); *see also* 28 U.S.C. § 1400(b).

### THE PATENT-IN-SUIT

18.    Merck B.V. is the owner and assignee of the '733 patent, entitled "6-Mercapto-Cyclodextrin Derivatives: Reversal Agents For Drug-Induced Neuromuscular Block" (attached as Exhibit A).  Merck B.V. has the right to enforce the '733 patent.

19.    The '733 patent was duly and legally issued on January 28, 2014.  The '733

patent was a reissue of U.S. Patent No. 6,670,340, which was duly and legally issued on December 30, 2003.

20.    The '733 patent includes claims that recite 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, compositions containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, methods of using 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, and kits containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin.

21.    6-Per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin is also referred to as sugammadex.

22.    The FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") currently lists the expiration of the '733 patent as January 27, 2021. On February 4, 2020, the United States Patent and Trademark Office ("PTO") issued a Notice Of Final Determination on the patent term extension ("PTE") application for the '733 patent, wherein the PTO determined that the '733 patent is eligible for 5 years of PTE (attached as Exhibit B). Therefore, after the PTE certificate is issued, the expiration of the '733 patent will be January 27, 2026.

<u>**THE BRIDION® DRUG PRODUCT**</u>

23.    Organon is the holder of New Drug Application ("NDA") No. 022225, under which the FDA approved the commercial marketing of Bridion® (sugammadex) Injection ("Bridion®") on December 15, 2015, under Section 505(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a). Bridion® is approved for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery. Bridion® is distributed in the United States by Merck Sharp and Dohme Corp., a wholly owned subsidiary of Merck & Co., Inc., in 200 mg/2 mL and 500 mg/5 mL strengths in a single-dose vial for bolus injection. A true and correct copy of the current prescribing

information for Bridion® is attached as Exhibit C.

24.     Bridion® is a first-in-class drug that works differently than prior agents used for the reversal of neuromuscular blockade.  The active ingredient in Bridion®, sugammadex, is a modified cyclodextrin that acts by directly encapsulating, binding, and inactivating agents used by healthcare providers to induce neuromuscular blockade in patients undergoing surgery, e.g., rocuronium or vecuronium, to reverse their effects.  After intravenous injection, Bridion® distributes through plasma and binds to such neuromuscular blocking agents ("NMBAs") to form a complex.  This process reduces the amount of NMBA available to bind to nicotinic cholinergic receptors in the neuromuscular junction, resulting in the reversal of neuromuscular blockade.

25.     By this mechanism, Bridion® also avoids several of the side effects associated with prior reversal agents, such as acetylcholinesterase inhibitors.  Traditional reversal agents are co-administered with other agents to manage these side effects, but the co-administered agents can cause a number of additional side effects.  Moreover, Bridion® is capable of reversing the complete and prolonged block of neuromuscular function (known as "profound block") that can occur with the administration of NMBAs.  Further, intravenous administration of sugammadex results in more rapid recovery from moderate or deep neuromuscular blockade in patients undergoing surgery who received rocuronium or vecuronium, as compared to neostigmine or succinylcholine.  Because of at least these unique features, Bridion® has been viewed as a significant advance in the field of anesthesiology.

26.     Bridion®, as well as methods of using Bridion®, are covered by one or more claims of the '733 patent.  The '733 patent has been listed in connection with NDA No. 022225 in the FDA's Orange Book.

## DEFENDANT'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

27.     On information and belief, USV has submitted or caused the submission of USV's ANDA to the FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the USV ANDA Products, as a purported generic version of Bridion®, prior to the expiration of the '733 patent.

28.     On information and belief, the FDA has not yet approved USV's ANDA.

29.     In the USV Notice Letter, USV notified Merck of the submission of USV's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the USV ANDA Products prior to the expiration of the '733 patent.

30.     In the USV Notice Letter, USV acknowledged that the Reference Listed Drug for USV's ANDA is Bridion®.  Bridion® is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery.

31.     In the USV Notice Letter, USV also notified Merck that, as part of its ANDA, USV had filed a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '733 patent.

32.     On information and belief, USV submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '733 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the USV ANDA Products.

33.     In the USV Notice Letter, USV stated that the USV ANDA Products contain sugammadex as an active ingredient.

34.     On information and belief, USV prepared and submitted USV's ANDA, and

-8-

intends to further prosecute USV's ANDA. On information and belief, if the FDA approves USV's ANDA, USV will manufacture, distribute, promote, market, offer for sale, or sell the USV ANDA Products within the United States, or will import the USV ANDA Products into the United States. On information and belief, if the FDA approves USV's ANDA, USV will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of the USV ANDA Products in or into the United States.

35.    Merck brings this action within forty-five days of receipt of the USV Notice Letter.   Accordingly, Merck is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

### COUNT I– INFRINGEMENT OF THE '733 PATENT

36.    Merck incorporates each of the preceding paragraphs 1–35 as if fully set forth herein.

37.    The USV ANDA Products, and the use of the USV ANDA Products, are covered by one or more claims of the '733 patent, including at least claim 1 of the '733 patent, because claim 1 of the '733 patent encompasses the sugammadex utilized in the USV ANDA Products.

38.    In the USV Notice Letter, USV did not contest infringement of claims 1-5, 9, 11-14, 20 and 21 of the '733 patent.

39.    USV's submission of USV's ANDA with a Paragraph IV Certification for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the USV ANDA Products in or into the United States before the expiration of the '733 patent is an act of infringement of the '733 patent under 35 U.S.C. § 271(e)(2)(A).

40.    If approved by the FDA, USV's commercial manufacture, use, importation,

sale, and/or offer for sale of the USV ANDA Products in or into the United States will directly infringe, contribute to the infringement of, and/or actively induce the infringement of one or more claims of the '733 patent under 35 U.S.C. § 271(a)-(c).

41.     On information and belief, USV will engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the USV ANDA Products in or into the United States immediately and imminently upon approval of USV's ANDA.

42.     The commercial manufacture, use, sale, offer for sale, or importation of the USV ANDA Products in or into the United States would infringe one or more claims of the '733 patent.

43.     On information and belief, the commercial manufacture, use, sale, offer for sale, or importation of the USV ANDA Products in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '733 patent.

44.     On information and belief, upon FDA approval of USV's ANDA, USV will, through its own actions or through the actions of its agents, market and/or distribute the USV ANDA Products to resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users.  On information and belief, USV will knowingly and intentionally accompany the USV ANDA Products with a product label or product insert that will include instructions for using or administering the USV ANDA Products, which are substantially similar to the instructions in the prescribing information for Bridion®, attached as Exhibit C, and which, if followed, will infringe the '733 patent.  Accordingly, USV will induce resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users of the USV ANDA Products to directly infringe the '733 patent. On information and belief, USV will encourage acts of direct infringement with knowledge of the

'733 patent and knowledge that USV is encouraging infringement.

45.    On information and belief, USV plans and intends to, and will, actively induce infringement of the '733 patent when USV's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  USV's activities will be done with knowledge of the '733 patent and specific intent to infringe that patent.

46.    On information and belief, USV knows that the USV ANDA Products and proposed labeling are especially made or adapted for use in infringing the '733 patent, that the USV ANDA Products are not a staple article or commodity of commerce, and that the USV ANDA Products and accompanying proposed labeling are not suitable for substantial noninfringing use. On information and belief, USV plans and intends to, and will, contribute to infringement of the '733 patent immediately and imminently upon approval of USV's ANDA.

47.    Notwithstanding USV's knowledge of the claims of the '733 patent, USV has continued to assert its intent to manufacture, use, offer for sale, sell, distribute, and/or import the USV ANDA Products with its product labeling in or into the United States following FDA approval of USV's ANDA prior to the expiration of the '733 patent.

48.    The foregoing actions by USV constitute and/or will constitute direct infringement of the '733 patent; active inducement of infringement by others of the '733 patent; and contribution to the infringement by others of the '733 patent.

49.    On information and belief, USV filed USV's ANDA with a Paragraph IV Certification without adequate justification for asserting that the '733 patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of the USV ANDA Products.  On information and belief, USV has acted with full knowledge of the '733 patent and without a reasonable basis for believing

that it would not be liable for direct infringement of the '733 patent; active inducement of infringement by others of the '733 patent; and/or contribution to the infringement by others of the '733 patent. On information and belief, the direct and indirect infringement by USV of the '733 patent was and is willful. USV's conduct renders this case "exceptional" under 35 U.S.C. § 285.

50. Merck will be substantially and irreparably damaged by infringement of the '733 patent. Unless USV is enjoined from directly infringing the '733 patent, actively inducing infringement of the '733 patent, and contributing to the infringement of the '733 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law, and considering the balance of hardships between Merck and USV, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a) A judgment that the '733 patent has been infringed under 35 U.S.C. § 271(e)(2) by USV's submission to the FDA of USV's ANDA;

(b) A judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of the USV ANDA Products, or any other drug product that infringes or the use of which infringes the '733 patent, be not earlier than the expiration date of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., enjoining USV, and all persons acting in concert with USV, from the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the USV ANDA Products, or any other drug product covered by or whose use is covered by the '733 patent, prior to the expiration of the '733 patent, inclusive of any

-12-

extension(s) and additional period(s) of exclusivity;

(d)      A judgment declaring that the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the USV ANDA Products, or any other drug product that is covered by or whose use is covered by the '733 patent, prior to the expiration of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity, will infringe, induce the infringement of, and contribute to the infringement by others of the '733 patent;

(e)      A declaration that USV's commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the USV ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '733 patent by USV under one or more of 35 U.S.C. § 271(a), (b), and (c);

(f)      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if USV engages in the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the USV ANDA Products, or any product that infringes the '733 patent, or induces or contributes to such conduct, prior to the expiration of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(g)      A judgment that USV willfully and deliberately infringed the '733 patent;

(h)      A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(i)      Costs and expenses in this action; and

(j)      Such further and other relief as this Court may deem just and proper.

Dated: March 19, 2020
        Newark, New Jersey

*Of Counsel*:

John J. Normile (*pro hac vice* to be submitted)
Sarah A. Geers
Lisamarie LoGiudice (*pro hac vice* to be submitted)
**JONES DAY**
250 Vesey Street
New York, NY 10281
(212) 326-3939

Andrea Weiss Jeffries (*pro hac vice* to be submitted)
**JONES DAY**
555 S. Flower Street
Los Angeles, CA 90071
(213) 243-2176

Anthony M. Insogna
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, CA  92121-3134
(858) 314-1130

Jihong Lou (*pro hac vice* to be submitted)
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
(202) 879-3631

Shayna Cook (*pro hac vice* to be submitted)
Alan Littmann (*pro hac vice* to be submitted)
Doug Winnard (*pro hac vice* to be submitted)
Lauren Abendshien (*pro hac vice* to be submitted)
**GOLDMAN ISMAIL TOMASELLI**
**BRENNAN & BAUM LLP**
200 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 681-6000

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Merck Sharp & Dohme B.V.*
*and Organon USA Inc.*

-14-